## S. B. MILLER v. SCHOOL COMMISSIONERS.

SCHOOL LANDS IN OCOEE DISTRICT. *Act of 1836 directory.* The act of 1836, ch. 2, providing for the laying off of school lands in the Ocoee district by the surveyor is directory, not mandatory.

FROM MONROE.

Appeal from the Chancery Court at Madisonville. W. M. BRADFORD, Ch.

McCROSKEY & HICKS for complainant.

R. PRICHARD and W. B. STEPHENS for defendants.

COOPER, J., delivered the opinion of the court.

Bill filed July 22, 1880, to have the complainant's title, by recent grant from the State, settled with the defendants to the north fractional half of section 16, third fractional township, fifth range of the North Ocoee district. The chancellor decreed in favor of the complainant, and the Referees, upon the appeal of the

defendants, have reported in favor of affirming the decree.

The Legislature in directing the survey of the Ocoee district by the act of 1836, ch. 2, provide by section 6 as follows: "In each township the surveyor shall lay off and distinguish on his general plan and township maps the sixteenth section, if fit for culti-vation, and if not, then the section nearest thereto which shall be fit for cultivation, to be reserved for the use of schools in such township forever."

The original map of the surveyor, on which it is conceded the school lands were laid off and distinguished, was so mutilated during the war that it is impossible to determine therefrom the allotment for the third fractional township. But the surveyor is shown to have made two other maps of portions of the survey, which do show the school lands allotted by him within the survey, including the allotment for the fractional town-ship. These maps were presented by the surveyor to different citizens "for the use of the country," and correspond with each other, and show the school lands in other townships as they are known to exist. These maps were produced and identified by their original custodians. They show that the sixteenth section of the third fractional township was not laid off for the use of schools, but that the southeast fractional quar-ter of that section and the adjoining northeast quarter of section 21 was so laid off. The reason for this is perhaps sufficiently shown by the proof that the northern half of section 6 was mountainous and unfit for cultivation, while the land actually allotted in sec-

tion 21 is better fitted for the purpose. And there is testimony of the statements of the deputy surveyor who laid off the land, and who is dead, that the allotment was so made because the land in section 21 was better adapted to cultivation. The parol testimony tends to establish the location as contended for by the complainant. And the statute, although it does use terms implying that the allottment should be made in a whole section is in its very nature directory, for the reason that a literal compliance might often violate the principal object of the Legislature, which was to secure to the schools tillable land from which an income could be obtained: *Martin* v. *State*, 10 Hum., 157. The proof does not show that complainant was ever a tenant of the school commissioners for the land in controversy.

Confirm the report, and affirm the decree with costs.